**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIRKANT JANOLKAR, et. al., | CASE NO. 5:12-cv-03693 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., et. al., | [Docket Item No(s). 6] |
| Defendant(s). | |

## I. INTRODUCTION

On or about March 12, 2008, *pro se* Plaintiffs Shirkant Janolkar and Vaishali Janolkar ("Plaintiffs") executed a Deed of Trust for $620,000.00 in favor of Bank of America, N.A. ("Bank of America") in order to purchase certain real property located in San Jose, California. See Compl., Docket Item No. 1, at ¶ 15. PRLAP, Inc. was named as the original trustee.

On March 5, 2012, Bank of America recorded a Substitution of Trustee which named ReconTrust Company, N.A. ("ReconTrust") as the trustee in place of PRLAP, Inc. Id. at ¶ 16. ReconTrust then recorded a Notice of Default that same day. Id. at ¶ 17.

Plaintiffs commenced this original action against Defendants Bank of America, Bank of New York Mellon, and ReconTrust (collectively, "Defendants") seeking to quiet title to the San Jose property. Although not specifically revealed by the Complaint, the allegations imply that Plaintiffs' property has become the subject of foreclosure proceedings.

Presently before the court is Defendants' Motion to Dismiss the Complaint under subsections

1
CASE NO. 5:12-cv-03693 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

(b)(1) and (b)(6) of Federal Rule of Civil Procedure 12.  See Docket Item No. 6.  Plaintiffs have not filed written opposition to the motion.[1]

Having carefully reviewed this matter, the court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for December 14, 2012, will be vacated and Defendants' motion granted for the reasons described below.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  Id.  When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

---

[1] The court does note that Defendants neglected to manually serve Plaintiffs when the motion was filed in accordance with Civil Local Rule 5-1(h)(2), and that the deadline to file a timely opposition had expired by the time Defendant finally served the motion in October.  See Civ. L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed.").  However, Plaintiffs have not filed an opposition since being noticed of the motion nor have they sought leave to file one.  Moreover, since subject matter jurisdiction is the primary reason this motion will be granted, the court finds it appropriate to proceed despite the untimely service.

2
CASE NO. 5:12-cv-03693 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.  DISCUSSION

Having reviewed Plaintiffs' Complaint in light of the legal authority articulated above, the court has determined that Defendants' arguments have merit. Under Rule 12(b)(1), Plaintiffs have not sufficiently demonstrated a basis for federal jurisdiction. Under Rule 12(b)(6), Plaintiffs have failed to meet the applicable standard for two primary reasons: (1) Plaintiff have not provided sufficient factual information and (2) the legal theories which appear to for the basis of Plaintiffs' claims are not cognizable.

**A.   Plaintiffs have not Sufficiently Demonstrated a Basis for Federal Jurisdiction**

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For diversity, federal courts have original

jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Looking at the Complaint in this case,[2] it appears that Plaintiffs allege only one cause of action - for quiet title - which is based entirely in state law.  As such, federal question jurisdiction is not apparent from the face of the Complaint.

Turning to diversity jurisdiction, Plaintiffs allege that the amount in controversy exceeds $75,000.00.  See Compl., at ¶ 2.  But other than that, Plaintiffs have not provided the remaining requisite allegations.  Indeed, Plaintiffs did not allege their own actual citizenship or that of any of the named defendants.  This is especially important here because other district courts have determined ReconTrust to be a citizen of California.  See, e.g., Carrasco v. HSBC Bank USA, N.A., No. C-11-2711 EMC, 2012 U.S. Dist. LEXIS 25496, at *5-6, 2012 WL 646251 (N.D. Cal. Feb. 28, 2012).  Safely assuming that Plaintiffs are also citizens of this state, ReconTrust's California citizenship would preclude complete diversity.

Since Plaintiffs have not demonstrated the existence of either federal question or diversity jurisdiction, Defendants' motion under 12(b)(1) must be granted.

### B.     Plaintiffs have Failed to Provide Sufficient Facts

Although the jurisdictional determination is dispositive of the instant motion, the court addresses other deficiencies under Rule 12(b)(6) in order to guide Plaintiffs should they choose to amend the Complaint.

To begin, Plaintiffs have not provided sufficient factual information to support their claims.  Other than noting the parties and the date upon which certain documents were signed and recorded, Plaintiffs provide little other factual information specific to this case.  In fact, although such a challenge is suggested, the court cannot even confirm whether or not Plaintiffs commenced this

---

[2] The court has liberally construed Plaintiffs' pleadings because they are proceeding *pro se*. See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002).

1  action in response to foreclosure proceedings.  The result of the factual shortcomings is a Complaint
2  which, for the most part, consists of vague allegations, irrelevant material and legal conclusions.

3  That type of pleading is not enough to meet Plaintiffs' obligations under Federal Rule of
4  Civil Procedure 8.  Although the federal rules allow for a flexible pleading policy, particularly with
5  regard to *pro se* litigants, a complaint must still provide fair notice of the claims and must allege
6  enough facts to state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2);
7  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
8  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does
9  a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Iqbal,
10  556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  "The plaintiff must allege with at least
11  some degree of particularity overt acts which defendants engaged in that support the plaintiff's
12  claim."  Jones, 733 F.2d at 649 (internal quotations omitted).  Plaintiffs have missed the mark, even
13  under a liberal reading of the Complaint.

14  More specifically, Plaintiffs must tailor the factual allegations to the cause of action asserted
15  against Defendants.  If their intent is to assert a cause of action for quiet title as the Complaint's
16  caption suggests, the allegations must describe five elements: (1) a legal description of the property
17  and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3)
18  the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought
19  and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Cal.
20  Civ. Proc. Code § 761.020.  Here, the Complaint does not contain a legal description of the property,
21  does not describe the basis for any adverse title claims against Plaintiffs, and does not indicate the
22  date upon which the title determination is sought.

23  Plaintiffs must also clarify which cause of action is asserted against which defendant since,
24  in its current form, the Complaint does not distinguish which defendants may be implicated on any
25  potential causes of action.  See McHenry v. Renne, 84 F.3d 1172 (1996).

26  **C.     Plaintiffs have Failed to Plead a Cognizable Legal Theory**

27  In addition to lack of factual allegations, Plaintiffs have not articulated a cognizable legal
28  theory.  Plaintiffs appear to assert liability based on Defendants' failure to "produce the note."  But

United States District Court
For the Northern District of California

district courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007). As has the California Court of Appeal. See Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440 (2012) ("We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note."). This is because California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, 08CV2014-LAB (BLM), 2009 U.S. Dist. LEXIS 11223, at *6-7, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

District courts have also rejected general theories of liability based on securitization of the underlying debt. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011)

("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

### D. Conclusion

As evident from the discussion above, Plaintiffs' Complaint does not currently support federal subject matter jurisdiction. In addition, the Complaint is subject to dismissal under Rule 12(b)(6) because have neither provided sufficient factual information nor have they articulated a cognizable legal theory. The Complaint will therefore be dismissed with leave to amend in order to allow Plaintiffs the opportunity to remedy the identified defects.

## IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED. The Complaint is DISMISSED WITH LEAVE TO AMEND. Any amended complaint filed must be filed **on or before January 10, 2013.**

Plaintiffs are advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice. Plaintiffs are further advised that they may not add new claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

The hearing and Case Management Conference scheduled for December 14, 2012, are VACATED.

**IT IS SO ORDERED.**

Dated: December 10, 2012



EDWARD J. DAVILA
United States District Judge

7
CASE NO. 5:12-cv-03693 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS